# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JOSUE JOSEPH,**

        **Plaintiff,**

**v.**                                           **Case No: 6:24-cv-1051-JSS-DCI**

**T-MOBILE USA, INC.,**

        **Defendant.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:** Plaintiff's Motion to Proceed In Forma Pauperis (Doc. 2)
>
> **FILED:** June 7, 2024
>
> **THEREON** it is **RECOMMENDED** that the motion is **DENIED without prejudice**.

### I. Background

Josue Joseph (Plaintiff), appearing *pro se*, initiated this case by filing a Complaint for a Civil Case Alleging Breach of Contract (Form Pro Se 4) and a separate written Complaint containing allegations against T-Mobile USA, Inc. (Defendant). Docs. 1, 1-1. It appears that Plaintiff alleges that Defendant breached a contract between them and a fiduciary duty that Defendant owed to Plaintiff. Doc. 1-1. Plaintiff has attached several documents to the Complaint, and those documents appear to be purported correspondence between the parties regarding a notice of default judgment, a durable financial power of attorney, a page from an unidentified policy related to payment to Defendant, and a receipt or instrument of some kind. Docs. 1-2 to 1-7.

Plaintiff has also filed an Application to Proceed in District Court Without Prepaying Fees or Costs construed as a Motion for Leave to Proceed as a Pauper. Doc. 2 (the Motion). The Court has referred the Motion to the undersigned and the matter is ripe for review.

**II.     Standard of Review**

The Court must conduct a two-step inquiry when a plaintiff files a complaint and seeks leave to proceed *in forma pauperis*. First, the Court must evaluate the plaintiff's financial status and determine whether he is eligible to proceed *in forma pauperis*. 28 U.S.C. § 1915(a)(1). Second, once the Court is satisfied that plaintiff is a pauper, the Court must review the complaint pursuant to § 1915(e)(2) and dismiss the complaint if the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief. *Id.* at § 1915(e)(2)(B) (i-iii).[1] The Court must liberally construe the complaint when conducting the foregoing inquiry, *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998), but the Court is under no duty to rewrite the complaint to establish subject matter jurisdiction, avoid frivolousness, or state a claim upon which relief may be granted. *See Campbell v. Air Jamaica, Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so as to "give the defendant fair notice of what the. . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw

---

[1] The statute governing proceedings i*n forma pauperis* references actions instituted by prisoners, *see* 28 U.S.C. § 1915, but has been interpreted to apply to all litigants requesting leave to proceed *in forma pauperis*. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 555).

The Court must liberally construe *pro se* pleadings. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). A *pro se* pleading, however, must "still comply with procedural rules governing the proper form of pleadings," *Hopkins v. St. Lucie Cnty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010),[2] because the Court will not "rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1169 (11th Cir. 2014) (citation omitted).

### III.     Discussion

The undersigned finds that Plaintiff is a pauper. However, the undersigned recommends dismissal of the Complaint because Plaintiff does not establish this Court's subject matter jurisdiction. Due to that recommendation, the undersigned does not opine on whether the claim is one upon which relief may be granted. A federal court has diversity jurisdiction over civil actions where there is complete diversity of citizenship among the opposing parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). There is complete diversity where "no plaintiff is a citizen of the same state as any defendant." *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013).

First, Plaintiff has not alleged complete diversity of citizenship between the parties. An individual is a citizen of the state in which he or she is domiciled, which is the state where the individual maintains his or her "true, fixed, and permanent home." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002). "A corporation is deemed a citizen of every State and foreign

---

[2] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

state in which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1).

While Plaintiff states in the separate written Complaint that Plaintiff is a citizen of Florida and Defendant's principal place of business is in Washington (Doc. 1-1 at 1 to 2), Plaintiff also alleges in the form Complaint that Defendant is incorporated under the laws of Florida. Doc. 1 at 3. Thus, on its face, the Complaint does not establish diversity jurisdiction to satisfy 28 U.S.C. § 1332 and is subject to dismissal. *See Selensky v. Mobile Infirmary*, 221 F. App'x 814, 815 (11th Cir. 2007) (affirming dismissal for lack of subject matter jurisdiction where the plaintiff did not plead facts sufficient to establish diversity of citizenship); *Burns v. Essex Partners, Inc.*, 2019 WL 1093440, at *2 (M.D. Fla. Jan. 16, 2019) (dismissing complaint without prejudice for lack of subject matter jurisdiction where plaintiff failed to sufficiently allege the citizenship for each party).

Second, while Plaintiff alleges that the amount in controversy exceeds $75,000.00 (Doc. 1-1), the undesigned is not convinced that it does. Generally, a "plaintiff's amount-in-controversy allegation is accepted if made in good faith." *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014); *see also Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) ("A plaintiff satisfies the amount in controversy requirement by claiming a sufficient sum in good faith.") (citations omitted). Typically, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). Although "a court owes some deference to a diversity plaintiff's amount in controversy allegations," such deference "does not eviscerate the court's obligation to scrupulously enforce its jurisdictional limitations." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1272 (11th Cir. 2000).

Here, Plaintiff provides generally seeks damages but provides no allegations related to the amount in controversy. *See* Doc. 1-1. Plaintiff also includes few allegations in the Complaint as to the nature of the case, and the attachments do not otherwise assist with the Court's determination regarding the amount in controversy. As such, the undersigned questions whether jurisdiction exists. *See Awp, Inc. v. Southeastern Traffic Supply*, 2022 U.S. Dist. LEXIS 252674, at *6-7 (M.D. Fla. July 22, 2020) (directing a plaintiff to show cause why the case should not be dismissed for lack of subject matter jurisdiction because the plaintiff merely alleged that the amount in controversy exceeded $75,000.00 and provided no sufficient information to allow the court to determine that the amount in controversy exceeds the jurisdictional requirement.); *see also McLean v. Barnett Outdoors, LLC*, 2018 U.S. Dist. LEXIS 248346, at *4 (M.D. Fla. Sept. 17, 2018) (finding that although a plaintiff alleged that the amount in controversy exceeded the jurisdictional threshold, the plaintiff provided no other allegations to allow the court to determine that the amount in controversy was met).

Based on the foregoing, the undersigned finds that the Complaint is due to be dismissed for failure to establish subject matter jurisdiction.

A *pro se* plaintiff, however, must generally be given one chance to amend the complaint "if it appears a more carefully drafted complaint might state a claim upon which relief can be granted even if the plaintiff never seeks leave to amend." *Silva v. Bieluch*, 351 F.3d 1045, 1048-49 (11th Cir. 2003) (internal quotations omitted). As such, the undersigned recommends that Plaintiff should be given leave to amend the Complaint.

IV. **Conclusion**

Accordingly, it is respectfully **RECOMMENDED** that:

1. the Motion (Doc. 2) be **DENIED without prejudice**; and

2. the Complaint (Doc. 1) be **DISMISSED without prejudice** with leave to amend.

## NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on August 8, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy