UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSUE JOSEPH,

    Plaintiff,

v.                                                                                     Case No: 6:24-cv-1051-JSS-DCI

T-MOBILE USA, INC.,

    Defendant.
_____/

## ORDER

Plaintiff, proceeding pro se, asserts diversity jurisdiction as the basis for bringing contractual claims against Defendant in federal court, (*see* Dkt. 1), and moves to proceed in forma pauperis in this case, (*see* Dkt. 2). Magistrate Judge Daniel C. Irick recommends that the motion be denied without prejudice and that the complaint be dismissed with leave to amend because Plaintiff has not established that the court possesses subject matter jurisdiction over this case. (*See* Dkt. 9.) Plaintiff has not objected to Judge Irick's recommendation, and the time for objecting has expired. *See* 28 U.S.C. § 636(b)(1) (giving a party fourteen days to object).

The court reviews its subject matter jurisdiction de novo. *See Dupree v. Owens*, 92 F.4th 999, 1004 (11th Cir. 2024). Having independently examined the case file, the court agrees with Judge Irick that Plaintiff has not established subject matter jurisdiction for the two reasons explained in the recommendation. (*See* Dkt. 9 at 3–5.) First, according to the complaint, (Dkt. 1 at 3), Plaintiff and Defendant are both

citizens of Florida, *see* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every [s]tate and foreign state by which it has been incorporated *and* of the [s]tate or foreign state where it has its principal place of business[.]" (emphasis added)), so complete diversity does not exist. *See Darden v. Ford Consumer Fin. Co.*, 200 F.3d 753, 755 (11th Cir. 2000) ("Original jurisdiction may be based on *complete diversity* of the parties' citizenship and an amount in controversy exceeding $75,000." (emphasis added)). Second, Plaintiff does not explain how the amount in controversy exceeds $75,000. *See Awp, Inc. v. Se. Traffic Supply*, No. 8:19-cv-1516-T-36JSS, 2020 U.S. Dist. LEXIS 252674, at *7 (M.D. Fla. July 22, 2020) (ordering the plaintiff to show cause why the case should not be dismissed for lack of subject matter jurisdiction when "the [c]omplaint lack[ed] factual allegations supporting th[e] amount[-]in[-]controversy allegation"). Because "a district court must give a pro se party at least one chance to amend [a] complaint if a more carefully drafted complaint might state a claim," *Hall v. Merola*, 67 F.4th 1282, 1295 (11th Cir. 2023) (internal quotation marks omitted), the court will give Plaintiff leave to amend to establish subject matter jurisdiction, if possible.

Accordingly:

1. Judge Irick's recommendation (Dkt. 9) is **ADOPTED**.

2. Plaintiff's motion to proceed in forma pauperis (Dkt. 2) is **DENIED without prejudice**.

3. The complaint (Dkt. 1) is **DISMISSED without prejudice**.

4. On or before October 1, 2024, Plaintiff may file an amended complaint that establishes the court's subject matter jurisdiction.

**ORDERED** in Orlando, Florida, on September 17, 2024.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Unrepresented Party